H. AND J. RISTINE, Appellants, v. DAVID H. KURTZ,
Administrator, CHARLES E. BEAM, *et al.*

**Estate of Decedents:** SALE BY LEGATEE, OF HIS INTEREST: *Rights of creditors of estate* Where a legatee, under a will, sells his interest in the estate, in advance of its settlement, the proceeds received by him do not become assets of the estate, nor subject to the payment of its debts or expenses. The thing sold, being merely a right to participate in the effects of the estate, its transfer in no manner prejudices the rights of creditors, and the money received therefor, is impressed with no trust in their favor.

*Appeal from Linn District Court.*—HON. JAMES D.
GIFFIN, Judge.

WEDNESDAY, FEBRUARY 12, 1896.

ACTION in equity. The plaintiffs are physicians,
and, as such, rendered professional services for and to
Eliza A. Beam, about June, 1890, of the value of
about seventy-six dollars. Mrs. Beam died testate, in
August, 1890; and the defendant, Kurtz, was appointed
administrator of her estate, with the will annexed,
and duly qualified. The defendant, Charles E. Beam,
is a son of Mrs. Beam, and a legatee in the will. The
only estate of Mrs. Beam, was a share in the estate of
one Miller, who died in California, the share amount-
ing to from ten thousand to fifteen thousand dollars.

Charles E. Beam, for a consideration of two thousand six hundred dollars, assigned his interest in his mother's estate to one Bowdle, "by quit-claim deed." The will of Mrs. Beam was admitted to probate in Linn county, October 14, 1890, and the claim of the plaintiffs for services, was duly presented and allowed; also, a claim for a further sum of seventeen dollars and fifty cents, which had been assigned to the plaintiffs—and no payments have been made. Nor has any property of any kind ever come into the administrator's hands, in Linn county; and his expenses, including compensation for his services, amount to seventy-five dollars, which are unpaid. Administration was also granted on the estate of Mrs. Beam, in Tulare county, Cal., and on the twenty-second day of June, 1892, the administrator there, "took decree of final distribution, and settlement of final account;" but the estate was not closed, because of property on hand for distribution to minor heirs. Because of no means, the administrator in Iowa never attempted to get possession of, nor realize from, the property in California, or any part of it. The petition seeks to recover—first, from the administrator Kurtz, if he has received any property of the estate, from which payment can be made; and, second, if there is no such property, they ask that judgment be entered, requiring plaintiffs' claim to be paid from the amount received by Charles E. Beam from Bowdle. The administrator Kurtz, answered, denying that he had received any property belonging to the estate, and asking judgment against his co-defendants, who, as legatees, had received any part of the estate, for the sum of his expenses. The district court gave judgment against plaintiffs and defendant Kurtz, for the costs, and they appealed.—*Affirmed.*

*L. M. Kratz* for defendant Kurtz, appellant.

*Frank G. Clark* and *Clark & Clark* for other appellants.

*Whipple & Zollinger* for appellee Charles E. Beam.

GRANGER, J.—We experience little difficulty in reaching a satisfactory conclusion in this case. Counsel for appellants, by their brief, evidence a commendable effort to trace and present the doctrine of trusts, and the extent to which a trust, when once impressed upon a fund, will follow it, even into the hands of innocent third parties. On this appeal there is no claim of a liability, except as to defendant, Charles E. Beam; and such claim is because of his sale to Bowdle, and the receipt of the two thousand six hundred dollars. The thought is that the trust created by the law, as to the property of the estate for the payment of claims, constructively attaches to this money, in the hands of Beam, as a legatee under the will. Now, let it be conceded that if Beam had received any part of the estate of his mother, to the prejudice of any claimant, that a constructive trust would be created, and the funds in his hands be liable to the full extent for their payment, and we are in a position to inquire if that is Beam's relation to the case. Beam's interest in the estate of his mother was not a definite amount, in dollars and cents, but a proportionate amount of any balance, after the satisfaction of all claims preferred by operation of law. He sold to Bowdle his interest in the estate, which gave to Bowdle, at the time of distribution to legatees, the right to take what, but for the sale, would be Beam's right. The transaction in no way disturbed the estate, or affected a claimant. It was a substitution of one person for

another, to receive a proportionate share of a balance after claims were paid. As indicating the misapprehension of the rule to govern in this case, we may say that we are cited to the law as to trustees using trust property to their personal advantage, as stated in Perry, Trusts, section 209. It seems to be thought that Beam occupies a trust relation to the claimants of the estate, and herein lies the difficulty with appellants' position, and the inapplicability of the law cited. Beam, as a son of the testatrix, and a legatee under the will, owed, because of such facts, no duties to the claimants of the estate. In common with them, he had an interest in the settlement of the estate, that he might realize what would be due him therefrom; and the thought, in argument, that because of these facts, he owed an active duty to aid in the administration by supplying funds to the administrator, to obtain the property in California, is without the support of any rule of law known to us. In no legal sense has he received any part of the estate. After the sale to Bowdle, and Beam had his pay, the situation of the estate was the same as before, and hence he had no part of the estate, or fund, on which the law had impressed the trust. He was never in a position to be responsible for a faulty or delinquent administration. The law fixes the remedy for such defaults. We need not further elaborate the case. Beam simply sold what he had a right to sell, and left the estate to be settled as the law provides, and he is in no way responsible for the failure of appellants to obtain what is their due. The judgment is AFFIRMED.